IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, # 34193-044, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
| vs. ) | Case No. 12-cv-854-GPM |
|   ) | |
| MARGARET HODGES, ) | |
| GARY COOPER, and ) | |
| DAVID HUTCHCRAFT, ) | |
|   ) | |
|   Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion for status (Doc. 15) and motion to proceed with Case No. 12-cv-854-GPM (Doc. 16).

Upon review of Plaintiff's complaint, this Court severed some of Plaintiff's claims into two new actions, *Washington v. Goldsborough, et al.*, Case No. 13-cv-613-GPM (Counts 8A, 8B, 8C, 8D, 11A, and 12A), and *Washington v. Baugh, et. al*, Case No. 13-cv-614-GPM (Counts 9, 10A, 13A, 13B, and 14A) (Doc. 14). Plaintiff was ordered to inform the Court no later than July 29, 2013, whether he wished to voluntarily dismiss any of the three cases. Additionally, he was ordered to pay the $350.00 filing fee by July 29, 2013, for the newly severed cases if he decided to pursue them. Plaintiff is not eligible to proceed *in forma pauperis* on any of these claims.

Plaintiff's motion for status (Doc. 15) is **GRANTED IN PART** in that the status of this action is reflected below. However, that part of the motion requesting a copy of the docket sheet in this case is **DENIED.** Plaintiff may obtain a copy of the six-page docket sheet by pre-paying

the copying fee to the Clerk of Court, in the amount of $3.00. The Judicial Conference Schedule of Fees §(4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. *See* 28 U.S.C. § 1914(b).

The motion to proceed with case (Doc. 16) is **GRANTED.** In this motion, Plaintiff states that he wishes to proceed with the claims which remain in this original action (Counts 1, 3A, and 7A). He has paid the $350.00 filing fee for this case in full. Accordingly, this action shall be referred to a United States Magistrate Judge for further proceedings, and service shall be ordered on the Defendants.

Plaintiff further states in Doc. 16 that he also wishes to pursue both severed cases listed above. However, he notes he may need additional time to pay the $350.00 filing fee for each case and is seeking financial help. Plaintiff is **ADVISED** that the payment deadline of July 29, 2013, still stands. If Plaintiff wishes to request an extension of time, he must file an appropriate motion in either or both of the severed cases, under the applicable case number. A motion filed in this case is not sufficient.

## Amendment of Complaint

In this Court's order of June 24, 2013 (Doc. 14), two retaliation claims were dismissed without prejudice. These were Count 2A (claim against Defendant Hodges for exposing Plaintiff to freezing temperatures in the transport van in retaliation for an unidentified protected act) and Count 3B (against Defendant Hodges for kicking Plaintiff in retaliation for an unidentified protected act). If Plaintiff wishes to pursue these claims, he must submit an amended complaint in this action, including the relevant facts to support the claims of retaliation. The amended complaint shall be subject to review pursuant to § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his retaliation claims in **Counts 2A and 3B on or before August 27, 2013**. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to Counts 2A and 3B, must contain the allegations in Counts 1, 3A, and 7A, which shall receive further review herein. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. If the amended complaint still fails to state a claim on Counts 2A or 3B, or if Plaintiff does not submit an amended complaint, the dismissal of these two counts shall become a dismissal with prejudice. Review of Counts 1, 3A, and 7A shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

<u>Disposition</u>

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HODGES, COOPER**, and **HUTCHCRAFT**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **HODGES, COOPER**, and **HUTCHCRAFT** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's

States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, the Memorandum and Order at Doc. 14, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, the Memorandum and Order at Doc. 14, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

---

dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

*should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge