IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BURL WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-854-JPG-DGW |
| | ) | |
| MARGARET HODGES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel (Doc. 40) and the Motion for Disclosure (Doc. 41) filed by Plaintiff, Burl Washington, on January 28, 2014. The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the Motion for Disclosure is **DENIED AS MOOT**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff represents that he is legally blind with some college education. He has attached a letter from a family member outlining their contact with a purported retained attorney in Virginia (where Plaintiff's family lives). The Court finds that retaining one out-of-state attorney (who apparently is not pursuing this matter or providing legal advice) is an insufficient attempt to secure counsel without Court intervention. Accordingly, this Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff is instructed to contact at least three attorneys practicing in Illinois for representation in this matter. In any future motion for recruitment of counsel, Plaintiff should indicate who he contacted, he should attach the letter or correspondence that he sent to the attorney, and he should attach any responses he may receive (or, alternatively, indicate that no responses were received). Plaintiff also has represented that he is legally blind. The record, however, reveals that Plaintiff has submitted hundreds of pages of type-written and signed documents that evidence Plaintiff's ability to read, write, and understand English. He is also capable of articulating his claims before the prison (as seen in his grievances) and before this Court. It is unclear how Plaintiff being "legally blind" hampers his ability to litigate this matter. In any future motion Plaintiff should explain how his medical condition affects his ability to litigate.

As to the second motion, Plaintiff states that he attached his initial disclosures to the

Complaint, that he did not receive the scheduling order (Doc. 36), and that he also requests recruitment of counsel.  The only requests in this motion have been addressed:  The scheduling order was mailed to Plaintiff by the Clerk on February 6, 2014 and the issue of recruitment of counsel has been addressed above.   This Motion is therefore **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**