IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-854-NJR-DGW |
| | ) |
| MARGARET HODGES, | ) |
| GARY COOPER, and | ) |
| DAVID HUTCHCRAFT, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

      This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 52), recommending that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 38) be granted, and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The Report and Recommendation was entered on March 14, 2014. Plaintiff filed a number of documents, which the Court construes as objections to the Report and Recommendation (Docs. 54, 56, 57, 64, and 65). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation of Magistrate Judge Wilkerson, and dismisses this case without prejudice.

## BACKGROUND

Plaintiff Burl Washington is a federal inmate currently incarcerated at FCI Williamsburg in Salters, South Carolina. He filed this action on July 30, 2012, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of his constitutional rights by persons acting under the color of federal authority while he was incarcerated at FCI Greenville in Greenville, Illinois (Doc. 1). A number of claims were dismissed, and some were severed into separate actions (Docs. 14, 17). There are three claims that survived in this action:

> Count 1: Against Defendant Margaret Hodges for deliberate indifference to Plaintiff's medical condition for intentionally exposing him to extreme cold for over an hour in the van on December 8, 2011;
>
> Count 2: Against Defendant Margaret Hodges for assault/excessive force for kicking Plaintiff in the leg on December 8, 2011;
>
> Count 3: Against Defendants Gary Cooper and David Hutchcraft, for placing Plaintiff in the Special Housing Unit on December 20, 2011 in retaliation for his pursuit of a grievance and documentary evidence regarding the disciplinary charge of December 8, 2011.

(Doc. 14, pp. 8–18).

On January 21, 2014, Defendants Hodges, Cooper, and Hutchcraft filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 38). Specifically, they assert that there are four grievances regarding the conduct of Hodges, Cooper, and Hutchcraft, however, Plaintiff failed to exhaust any of the four.

Plaintiff did not file a response to Defendants' Motion for Summary Judgment. However, he did file a document entitled "Motion Confirming Exhaustion of All Administrative Remedies and Confirming Defendant's Acts as Alleged, if True, Waives

Immunity" on January 13, 2014, before Defendants filed their Motion for Summary Judgment (Doc. 37). Plaintiff also filed his own Motion for Summary Judgment on the issue of exhaustion on February 22, 2014, to which Defendants responded (Docs. 43, 50).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on March 5, 2014. Following the *Pavey* hearing, on March 14, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 52).[1] The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Plaintiff filed a number of documents, which the Court construes as objections to the Report and Recommendation. Specifically, on March 17, 2014, Plaintiff filed a document entitled "Plaintiff Response to the March 5, 2014 Hearing and Document 50: Were Defendants Either Misrepresented the Facts or Intentionally Fabricated a Reason for Rejection and Brough [sic] Into Existence a Non, Existing Rule to Support a Failure to Exhaust Administrative Remedies" (Doc. 54). On March 28, 2014, Plaintiff filed a document entitled "Objection to Report and Recommendation" (Doc. 56). On April 14, 2014, Plaintiff filed a document entitled "Motion Amending Additional Information as to the Exhaustion of Administrative Remedies" (Doc. 57). By Court order, both documents 56 and 57 were stricken from the record because they were illegible (Doc. 62).

---

[1] This case was originally assigned to District Judge J. Phil Gilbert. It was reassigned to the undersigned on May 20, 2014 (Doc. 59).

Plaintiff was given until July 1 to file one, consolidated objection to the Report and Recommendation (Doc. 62).  On June 30, 2014, apparently in response to the Court's order, Plaintiff filed a document entitled "Plaintiffs Motion: Identifying Exhausted Administrative Remedy Addressing: December 8th, 2011 Issues, Request for Appointment of Counsel, and Plaintiff's Objection to Doc #52 Report and Recommendations" (Doc. 64).  Finally, on October 9, 2014, Plaintiff filed a document entitled "Plaintiffs Motion: Declaration of Burl Washington" (Doc. 64).

## Conclusions of the Report and Recommendation

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies.  Magistrate Judge Wilkerson studied the four grievances filed by Plaintiff and found that only two were timely filed in relation to the events subject to this suit: grievance #670685 submitted on December 21, 2011 ("grievance 1"), and grievance #670688 submitted on December 27, 2011 ("grievance 2").  Magistrate Judge Wilkerson concluded that Plaintiff had not exhausted either of these grievances because his appeals to the Central Office of the Bureau of Prisons ("BOP") were not submitted in the proper format.  The appeals were returned to Plaintiff with instructions to re-submit, but he never did so.

## Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court "may accept, reject or

modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed an objection to the Report and Recommendation. As best the Court can tell, Plaintiff is arguing that the grievance procedure was made unavailable to him when the Central Office "fabricated" reasons to reject his appeals (*See* Docs. 54, 64).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). The Supreme Court has held that exhaustion of administrative remedies must be done "properly," because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). Proper exhaustion requires that a prisoner must file complaints and appeals in the place, at the time, and in the manner, that the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

That being said, a prisoner cannot be required to exhaust his administrative remedies if they are not "available" to him. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006).  Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance, or prevent a prisoner from exhausting through affirmative misconduct, such as withholding necessary forms, destroying inmate submissions, or announcing additional steps not mandated by regulation or rule. *See Smith v. Buss*, 364 Fed. Appx. 253, 255 (7th Cir. 2010); *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David,* 297 F.3d 646, 649-50 (7th Cir. 2002).

Plaintiff was a federal inmate, and therefore he was required to follow the BOP's four-tiered administrative remedy process, which includes a request for informal resolution, a formal request to the warden for resolution (BP-9 form), an appeal to the BOP Regional Director (BP-10 form), and an appeal to the BOP Central Office  (BP-11 form).  *See* 28 C.F.R. §§ 542.10–542.19; Bureau of Prisons Program Statement 1330.16, *Administrative Remedy Program* (Doc. 38-2, pp. 2–15).

With respect to grievance 1, Plaintiff's appeal to the Central Office was rejected on March 27, 2012, because it was submitted with too many continuation pages and without the proper number of copies (Doc. 38-1, p. 3).  Plaintiff was informed that he had fifteen days to resubmit his appeal in proper form (*Id.*).  Plaintiff submitted his appeal a second time, and his second appeal was rejected on May 3, 2012, because, once again, it included too many continuation pages (*Id.*).  Plaintiff was given another fifteen days to resubmit his appeal in proper form (*Id.*).  There is no evidence that Plaintiff resubmitted his appeal in proper form within the fifteen-day extension, or, for that matter, at any time thereafter.

Plaintiff essentially argues that he should be excused from fully exhausting grievance 1 because the grievance process was made unavailable to him by the Central Office's actions. In particular, Plaintiff argues that the Central Office miscounted the continuation pages, and therefore, the rejection was a "misrepresentation of the facts or [intentional] fabrication of a rejection reason" (Doc. 54). Under the policies and procedures for the BOP's administrative remedy program, if a prisoner needs more space than that provided on the BP-11 form for appeals to the Central Office, the prisoner can include one letter-size continuation page (Doc. 38-1, p. 9). To the extent that someone in the Central Office miscounted the continuation pages attached to Plaintiff's appeal, this amounts to nothing more than a clerical error. There is no evidence that the pages were intentionally miscounted in order to thwart Plaintiff's access to the grievance process. At any rate, the mistake did not thwart Plaintiff from accessing the grievance process because he was given fifteen days to cure the deficiency. Plaintiff made no effort to do so; he did not resubmit his appeal or attempt to explain the mistake to the Central Office. *See Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006) (explaining that a prisoner must exhaust administrative remedies even if he believes that the process is futile). Therefore, he failed to exhaust his administrative remedies with respect to grievance 1, and his failure cannot be excused because he failed to show that the grievance process was made unavailable to him.

With respect to grievance 2, Plaintiff's appeal to the Central Office was rejected on April 19, 2012 because it was submitted without a copy of his administrative grievance to the warden (BP-9), without the proper number of copies of continuation pages, and he

improperly wrote in the Part B section of appeals form (BP-11) (Doc. 38-1, p. 3). Plaintiff was informed that he had fifteen days to resubmit his appeal in proper form (*Id.*). There is no evidence that Plaintiff resubmitted his appeal in proper form within the fifteen-day extension, or, for that matter, at any time thereafter.

Again, Plaintiff essentially argues that he should be excused from fully exhausting grievance 2 because the grievance process was made unavailable to him by the Central Office's actions. Specifically, Plaintiff argues that there is no rule that states "Do not write in Part B," and that rule "was fabricated after the fact and is not a rule that is practice [sic] consistently by Central" (Doc. 54). The policies and procedures for the BOP's administrative remedy program require that an appeal to the Central Office must be submitted on a BP-11 form that is filled out properly (*See* Doc. 38-1, p. 9). Plaintiff's appeal was not properly filled out because he wrote in the section reserved for a response from the Central Office. In rejecting Plaintiff's appeal because it was improperly filled out, the Central Office was simply enforcing the BOP's administrative rules, which it was entitled to do. The fact that there was no written rule explicitly instructing prisoners not to write in Part B of the BP-11 form does not mean the Central Office was erroneously imposing additional requirements on the grievance process. The BOP cannot realistically be to enumerate every conceivable way in which the form may be filled out improperly because the variations are unlimited. In any event, Plaintiff was not thwarted from accessing the grievance process because he was given fifteen days to cure the deficiency, which was an undeniably easy fix. However, he did not resubmit his appeal. Therefore, he failed to exhaust his administrative remedies

with respect to grievance 2, and his failure cannot be excused because he failed to show that the grievance process was made unavailable to him.

In conclusion, the Court finds the factual findings and rationale of the Report and Recommendation sound. Plaintiff did not submit his appeals to the Central Office in the format that the BOP's administrative rules require, and he has not submitted sufficient evidence or argument that he was thwarted in his attempts to exhaust his administrative remedies. Therefore, the case must be dismissed.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 52). Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 38) is **GRANTED,** and Plaintiff's Motion for Summary Judgment on the issue of exhaustion (Doc. 43) is **DENIED**. This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED:   October 22, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL
United States District Judge**